**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **ROBERT K. BERNARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 10-2685-JAR** |
| | ) | |
| | ) | |
| **THE LAWRENCE PAPER CO.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on defendant Lawrence Paper Company's Motion to

Dismiss for Failure to Timely Serve (Doc. 4) and plaintiff Robert Bernard's Motion for

Extension of Time to Serve Summons/Complaint on Defendant (Doc. 6). Plaintiff, proceeding

*pro se*, filed the Complaint in this matter on December 21, 2010. The summons was returned

executed, showing service on April 21, 2011, 121 days after the Complaint was filed.

Under Fed. R. Civ. P. 4(m):

> If a defendant is not served within 120 days after the complaint is
> filed, the court—on motion or on its own after notice to the
> plaintiff—must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Defendant moves to dismiss based on untimely service, arguing that plaintiff cannot show good

cause for the delay. But the Court has broad discretion to allow an extension of time for service,

even if the plaintiff has not shown good cause.[1] Good cause "serves merely as an exception to

---

[1]Fed. R. Civ. P. 4(m); *Espinoza v. United States*, 52 F.3d 838, 840–41 (10th Cir. 1995).

the general provision by delineating a situation in which an extension of time is *mandatory*."[2]

When considering a plaintiff's failure to timely effect service under 4(m), the Court is nonetheless required to determine first whether plaintiff must be given an extension of time because he has shown good cause.[3] Inadvertence and neglect are not considered good cause for untimely service.[4] And the Court is cognizant that a *pro se* litigant is still required to comply with Fed. R. Civ. P. 4.[5] Plaintiff contends in his response that the delay in serving defendant was due to his attempts to obtain retained counsel in this matter. He states that he asked the Clerk to "defer issuing the summons," and that he consulted with an attorney in April who explained the service procedures to him. Plaintiff secured a process server on April 7, Lesley T. Lee, who was scheduled to serve the Summons and Complaint on the April 20, 2011 deadline, but she was stricken with food poisoning and unable to reach Lawrence, Kansas to serve defendant by the end of the business day. The next day, April 21, Lee was able to personally serve defendant.

The Court finds good cause under these circumstances. It is clear from Lee's affidavit that plaintiff intended to effect service by the April 20, 2011 deadline. But for the process server's unanticipated illness, defendant would have been served within the 120-day deadline. The process server's illness was not the result of negligence or inadvertence. And there has been no prejudice to defendant given that this mistake was cured by service the following day. The

---

[2]*Espinoza*, 52 F.3d at 841 (citation omitted).

[3]*Id.*

[4]*In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996).

[5]*DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993). While plaintiff is *pro se*, he does not proceed *in forma pauperis*.

Court finds that a nominal extension of time to effect service is warranted.[6]

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to

Dismiss for Failure to Timely Serve (Doc. 4) is **denied**;

**IT IS FURTHER ORDERED** that plaintiff's Motion for Extension of Time to Serve

Summons/Complaint on Defendant (Doc. 6) is **granted**.

Dated: May 24, 2011

        S/ Julie A. Robinson
        JULIE A. ROBINSON
        UNITED STATES DISTRICT JUDGE

---

[6]Even in the absence of good cause, the Court would find a permissive extension of time is warranted under these circumstances.